### Thomas L. Manchester v. Charles F. Manchester.

A militia officer cannot, when out of the state, claim exemption from civil process, upon the ground that he is on his way, under the orders of his commanding officer, to attend a company meeting, for escort duty, within the state; since, in such case, he is without the jurisdiction of his commanding officer.

Assumpsit to recover two thousand dollars, for services done for the defendant, and goods sold and delivered to him; the writ being served by attachment of the defendant's real estate.

The defendant pleaded in abatement of the writ, that at the time of the alleged service of the writ, he was a commissioned officer, to wit: a surgeon, in the Pawtucket Light Guard in the second brigade of the Rhode Island militia, and duly engaged as such, and was going to a place to which he had been ordered

by Stephen R. Bucklin, the commanding officer of said company, for the performance of military duty, to wit: a place called Manchester Hall, in said state, for the performance of escort duty.

To this plea there was a general demurrer and joinder.

*Payne & Colwell* for the plaintiff, cited *B. B. Knight & Co.* v. *Richmond & Carr*, 2 R. I. Rep. 75.

*Weeden*, for the defendant, referred to Rev. Stats. ch. 180, sect. 3.

BRAYTON, J. The statute, under which the question here made, arises, provides, that "no officer, non-commissioned officer or private, shall be arrested on civil process, while going to or coming from, or remaining at any place which he shall be ordered to attend, for the election of any military officer, or the performance of any military duty."

The command in the writ, in this case, directed the officer to arrest the defendant's body, and for want thereof to attach his goods and chattels, or real estate. The officer has made return that he could not find the body in this state, and has therefore attached the real estate of the defendant. This return, it is true, is *primâ facie* evidence only that the defendant was without the state; and the defendant was at liberty to traverse the return as to that. He has not traversed it, and so admits that he was out of the state at the time.

He nevertheless pleads in abatement for want of service, claiming, that under the statute above recited he was exempted from arrest at the time of the service, and says, in substance, that he was a commissioned officer duly engaged, and was going, at the time, to a place in this state, which he had been ordered to attend for the performance of military duty. As the return is not traversed, but is admitted by the plea as part of the record, it must be taken as part of the plea; and the defendant, therefore, in substance says, that he went from his home out of the state, on his way to the place to which he was ordered. The act intends to protect every military officer while acting as such, under orders, and in obedience to them, but no further; and it is difficult to see how going out of the state can be on the way to a place within it, or how he can be acting

under orders when he is beyond the jurisdiction of the officer who gives them.

The moment that he passed out of the state and into the jurisdiction of another state, he passed beyond the jurisdiction of his commanding officer, and could not properly be said to be acting there under his orders. If not so acting, he was not within the protection of the act.

This plea must be overruled, the demurrer sustained, and judgment be, that the defendant answer over.